UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| IN RE:  THE MATTER OF BAYOU BOYS BOAT RENTAL, LLC, AS OWNER AND OPERATOR OF THE M/V CAPTAIN CAMERON, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> ADMIRALTY - Rule 9(h) |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Bayou Boys Boat Rental, LLC (hereinafter "Bayou Boys" or "Limitation Petitioner"), as owner and operator of the M/V CAPTAIN CAMERON, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), who files this Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

**JURISDICTION AND VENUE**

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.  This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

2.

The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioner seeks exoneration from or limitation of liability through these proceedings. As of the date of this filing, Limitation Petitioner was involved in an incident that occurred on February 1, 2025, near Shell Island in Cameron Parish, Louisiana. Accordingly, because the Vessel can be found in this District, venue is therefore proper in the United States District Court for the Western District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## LIMITATION PETITIONER

3.

At all times pertinent hereto, Limitation Petitioner, was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. Limitation Petitioner is authorized to do and doing business within the jurisdiction of this Honorable Court and the state of Louisiana.

4.

At all material times, Limitation Petitioner was the operator of the Vessel.

## THE VESSEL

5.

The M/V CAPTAIN CAMERON (hereinafter "the CAPTAIN CAMERON" or "the Vessel"), is a crew boat measuring thirty-three (33) total feet in length, ten (10) feet in width. The Vessel was built in 2010. The Vessel primarily operates as a fuel boat that assists with marine construction projects.

6.

At all times during and prior to the voyage hereinafter described, Limitation Petitioner exercised due diligence to make the CAPTAIN CAMERON seaworthy in all respects. At all times hereinafter described, the CAPTAIN CAMERON was, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged. Limitation Petitioner's employees were likewise adequately trained and supervised.

**FACTUAL BACKGROUND**

7.

At all material times, Limitation Petitioner was and is a boat rental company offering its fleet of vessels to contract with and assist other companies in their marine construction and dredging projects.

8.

On or around January 2, 2025, Limitation Petitioner was hired by B&S Equipment Co., Inc. ("B&S"), a contractor for Troy Construction, LLC Texas ("Troy"), to provide its vessels to assist with Troy's pipeline construction project in and around Sabine Lake. On January 30, 2025, Troy and B&S began instructing the CAPTAIN CAMERON and its captain to deliver fuel at various locations around Troy's construction project. On February 1, 2025, Troy and B&S ordered the CAPTAIN CAMERON to deliver fuel to a Troy barge near Shell Island in Sabine Lake in Cameron Parish, LA. B&S supplied the CAPTAIN CAMERON with one of its employees to assist refueling operations. As the CAPTAIN CAMERON was unloading the fuel onto the Troy barge, the CAPTAIN CAMERON ignited and exploded. Both the captain of the CAPTAIN CAMERON

and the B&S employee were injured in the explosion. The CAPTAIN CAMERON was severely burned in the explosion.

9.

Upon information and belief, no other suits or Limitation proceedings related to this alleged February 1, 2025 incident have been filed.

10.

Bayou Boys hereby seeks exoneration from and/or limitation of liability for the February 1, 2025 incident in Cameron Parish, Louisiana described herein (hereinafter "the Incident").

## **EXONERATION AND/OR LIMITATION OF LIABILITY**

11.

This Complaint is filed timely under Admiralty Rule F(1), because it was filed within six months from the date of the Incident, and Bayou Boys has received no notice of a claim.

12.

The aforementioned Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of Bayou Boys, its agents, servants, employees, or any other persons for whom Bayou Boys might be responsible, or by any unseaworthiness of the Vessel.

13.

Bayou Boys is, as of this date, unaware of any other demands, suits, petitions, unsatisfied claims of liens, or liens filed against Bayou Boys or the Vessel in connection with the Incident made the subject of this Complaint.

14.

Bayou Boys is entitled to exoneration and/or limitation under the circumstances.

15.

The Incident, any physical damage, injuries, contingent losses as well as all other losses, damages, expenses, and costs resulting therefrom were caused and occurred without the privity or knowledge of Bayou Boys and were caused by another party for whom Bayou Boys is not liable.

16.

Bayou Boys has a reasonable basis upon which to believe it is possible that claims will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and its pending freight.

17.

The fair market value of Bayou Boys' interest in the CAPTAIN CAMERON at the time of the incident was SIXTY THOUSAND DOLLARS AND NO/100 ($60,000.00) US DOLLARS total, and she had no pending freight. Accordingly, the total value of Bayou Boys' interest in the CAPTAIN CAMERON, and her pending freight is $60,000.00. (*See* Declaration of Value attached hereto as **Exhibit 1**).

18.

Bayou Boys avers that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of Bayou Boys or its agents, servants, employees, or any other persons for whom Bayou Boys might be responsible, or by any unseaworthiness of the Vessel, Bayou Boys is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid Incident, as well as any and all claims related to the Incident that have yet to be asserted. Bayou Boys avers that it has valid and complete defenses on the facts and on the law.

19.

Although Bayou Boys denies any liability to any party, and although Bayou Boys does not know the extent, nature or total amount of all claims which may be made for loss or damage arising out of the Incident described above, Bayou Boys anticipates and believes that suits and claims will be asserted and prosecuted against Bayou Boys in amounts exceeding the value of the Vessel at the conclusion of the voyage during which the aforementioned Incident took place.

20.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned, or incurred on the subject voyage, Bayou Boys alleges and avers that if Bayou Boys should be held responsible to any person, entity or other party by reason of any fault attributed to Bayou Boys, its agents, servants, employees, or others for whom Bayou Boys could be held responsible, or to the Vessel, in connection with the above-described Incident, then Bayou Boys is entitled to and claims the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to SIXTY THOUSAND DOLLARS AND NO/100 ($60,000.00) US DOLLARS, the value of Bayou Boys' interest in the Vessel immediately before and after the Incident.

21.

Should it later appear that Bayou Boys is or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such

claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

22.

Bayou Boys reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by Bayou Boys, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

23.

With this Complaint, Bayou Boys seeks to preserve its right to limit its liability within the six month deadline from written notice as required by Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Bayou Boys has and hereby files a bond in the amount of $60,000.00 plus 6% interest per annum and will deposit the bond with the Court alongside the filing of this Complaint. (*See* Limitation Bond **attached hereto Exhibit 2**).

24.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, Bayou Boys Boat Rental, LLC respectfully requests and prays:

1. That this Honorable Court enter an order approving the Limitation Bond filed herewith.

2. That this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which Bayou Boys Boat Rental, LLC seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Bayou Boys Boat Rental, LLC a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incident described more fully herein;

3. That this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Bayou Boys Boat Rental, LLC its affiliates, their employees, its or their insurers, sureties, or underwriters, or any of its property, including but not limited to the M/V CAPTAIN CAMERON, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the Incident described in this Complaint, or allegedly occurring during the subject Incident described in this Complaint;

4. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel following the Incident and of the value of Bayou Boys Boat Rental, LLC's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended bond or other appropriate security for the aggregate value, as so determined, of Bayou Boys Boat Rental, LLC's interest in said Vessel;

5. That this Honorable Court adjudge that Bayou Boys Boat Rental, LLC, its affiliated companies, employees, its or their insurers, sureties, and underwriters, the M/V CAPTAIN CAMERON, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6. Or, strictly in the alternative, if this Court should adjudge that Bayou Boys Boat Rental, LLC, its affiliates, employees, or its or their insures or underwriters, and/or the M/V CAPTAIN CAMERON are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to SIXTY THOUSAND DOLLARS AND NO/100 ($60,000.00) US DOLLARS, the value of Bayou Boys Boat Rental, LLC's interest in the Vessel immediately after the Incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging Bayou Boys Boat Rental, LLC, its affiliates, employees and its and their insurers and underwriters, and the M/V CAPTAIN CAMERON of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Bayou Boys Boat Rental, LLC, its affiliates, employees, its or their insurers, sureties, or underwriters, or any of their property, in any way arising from or in consequence of the subject Incident, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7. That Bayou Boys Boat Rental, LLC have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (La. Bar No. 17831)
AUSTIN S. GLASCOE (La. Bar No. 38236)
JONES WALKER, LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8238
Facsimile:    (504) 589-8238
E-Mail:        jtillery@joneswalker.com
                   aglascoe@joneswalker.com

***Attorneys for Limitation Petitioner, Bayou Boys Boat Rental, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2025, a copy of the foregoing has this date been served on all counsel of record in this proceeding via the CM/ECF system, which will send a notice of electronic filing to all counsel record.

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY